UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NYLIFE INSURANCE COMPANY OF ARIZONA | CIVIL ACTION |
| VERSUS | 15-810-SDD-RLB |
| DAVID LEE JOHNSON, CHARLES BUTLER, JR., CHAZZ JOHNSON, and C.J., a minor, by and through her Legal guardian SABRINA SCOTT | |

## RULING

This interpleader action is before the Court on the *Motion for Interpleader and Dismissal*[1] by Plaintiff, New York Life Insurance Company of Arizona ("Plaintiff" or "NY Life"). No opposition or response has been filed by any Defendant.[2] Plaintiff moves this Court for an order granting relief as follows: appointing Sabrina Scott as C.J.'s guardian *ad litem*; permitting NY Life to interplead a death benefit in the amount of $375,000, plus applicable interest, payable as a result of the death of Monica Johnson and in connection with the individual life insurance policy number 76 205 903; dismissing all claims against NY Life and dismiss NY Life from this action with prejudice following the deposit of the death benefit into the registry of the Court; and permanently enjoining the Defendants

---

[1] Rec. Doc. No. 25.
[2] The Court did receive correspondence from some Defendants stating that they acknowledge that they are contingent beneficiaries under the policy and would like to receive their portion if David Johnson is disqualified. *See* Rec. Doc. Nos. 26 & 28. These letters do not contain factual or legal opposition to the relief requested by NY Life in the present motion.
35098

Finance

from commencing any other actions or proceedings seeking payment of the death benefit in connection with this policy.

## I.   FACTUAL BACKGROUND

On or about August 17, 2006, NY Life issued a life insurance policy to the insured, Monica Johnson ("the Insured"), bearing policy number 76 205 903, which provided coverage on the life of the Insured. On the policy application, the designated primary beneficiary is David Johnson, who was the Insured's spouse. Listed as co-Contingent beneficiaries entitled to equal shares of the death benefits are the Insured's son, Charles Butler, her step-son, Chazz Johnson, and her step-daughter, C.J., a minor.

The Insured died on August 9, 2015, which resulted in death benefits in the amount of $375,000.00 being payable to a beneficiary or beneficiaries. NY Life concedes this liability. However, on or about October 9, 2015, David Johnson was indicted for the criminal charge of first degree murder of the Insured in the Twenty-third Judicial District, State of Louisiana, Parish of Ascension. Under the "Louisiana Slayer Statute,"[3] NY Life contends that, if it is determined that David Johnson intentionally and unjustifiably caused the death of the Insured, he would forfeit any right to the death benefits. If David Johnson's right to the death benefits is forfeited, pursuant to the terms of the policy, Charles Butler, Chazz Johnson, and C.J., in equal shares, would be eligible to receive the death benefits as contingent beneficiaries.

Under these circumstances, NY Life contends it cannot factually or legally determine who is entitled to the death benefits. Thus, although it is ready and willing to

---

[3] La. R.S. 22:901(D).
35098

pay the death benefits in accordance with the policy terms, NY Life contends it is, or may be, exposed to multiple liability and seeks the Court's determination of the proper beneficiaries. As such, NY Life seeks to deposit the death benefits, plus applicable claim interest, into the registry of the Court for disbursement in accordance with the Court's ultimate judgment.

The record reflects that NY Life filed its *Complaint*[4] on December 1, 2015, and a *First Amended Complaint*[5] was filed on February 3, 2016. At the time of the filing of this motion, summonses to all Defendants were issued by the Court and served upon the Defendants. Defendant, Charles Butler, filed an *Answer*;[6] however, at the time this motion was filed, the other Defendants had not formally appeared in this action. Both Defendants, Chazz Johnson and C.J., through her guardian Sabrina Scott, submitted letters[7] to the Court indicating their status as contingent beneficiaries to the policy at issue. NY Life contends that, based on its communications with Charles Butler, Chazz Johnson, and Sabrina Scott on behalf of C.J., these Defendants have no objection to NY Life's request for interpleader deposit and dismissal.[8] NY Life admits it has been unable to contact Defendant, David Lee Johnson. The Court notes that, subsequent to the filing of this motion, the Court conducted a telephone status conference, which David Lee Johnson appeared for *pro se* by telephone.[9] At this status conference, the Court informed Defendants, David Johnson and Sabrina Scott on behalf of C.J., that they needed to file

---

[4] Rec. Doc. No. 1.
[5] Rec. Doc. No. 9.
[6] Rec. Doc. No. 17.
[7] Rec. Doc. Nos. 26 & 28.
[8] Rec. Doc. No. 25-1, p. 4.
[9] Rec. Doc. No. 27.

35098

an *Answer* to the *Complaint* within two weeks.[10]  Scott submitted correspondence to the Court on behalf of C.J. and joined with Defendant, Chazz Johnson, in filing an *Answer*[11] on June 2, 2016. No *Answer* has ever been filed by Defendant, David Lee Johnson, and no oppositions have been filed to NY Life's present motion.

## II.   LAW AND ANALYSIS

### A.  Appointment of Guardian *ad litem* for Minor Beneficiary

Pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure, NY Life requests that the Court appoint Sabrina Scott as Guardian *ad litem* to C.J., the minor beneficiary under the policy.  NY Life contends that Scott, as the natural mother and legal guardian of C.J., has consented in communications with NY Life to this appointment.

The Court finds it unnecessary to appoint Sabrina Scott as guardian *ad litem* because she is competent to represent C.J.'s interests in this matter as C.J.'s legal guardian under Rule 17(c)(a).  Indeed, Scott has filed an *Answer* in this matter on C.J.'s behalf.  The Court finds that C.J. is properly and adequately represented by her legal guardian and natural mother, Sabrina Scott.

### B.  Interpleader and the Louisiana Slayer Statute

A traditional interpleader suit is an equitable action involving a disinterested plaintiff-stakeholder who either is, or may be, exposed to multiple liability or multiple litigation over an identifiable fund to which there are two or more mutually inconsistent claims.[12]   The purpose of interpleader is to enable the plaintiff, who is also the

---

[10] *Id.*
[11] Rec. Doc. No. 29.
[12] *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 631 (5th Cir. 2002).
35098

stakeholder, to avoid "the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing."[13]

Courts possess broad discretion in interpleader actions.[14] A court has jurisdiction over a Rule 22 interpleader action when there is: "(1) complete diversity of citizenship, which is met when the stakeholder is diverse from all the claimants, even if citizenship of the claimants is not diverse; and [there is] (2) an amount-in-controversy that exceeds $75,000 exclusive of interests and costs."[15] In this case, NY Life alleges that it is a citizen of New York and all defendants-in-interpleader are citizens of Louisiana.[16] The amount in controversy is asserted to be $375,000.00, plus applicable interest.[17] Accordingly, the Court finds that it has subject matter jurisdiction over the interpleader action.

In a true interpleader action, the stakeholder is dismissed from the suit after the Court determines that interpleader is appropriate, and only the parties asserting an interest in the fund remain.[18] Interpleader actions are decided through a two-step process.[19] The first step is for the Court to determine whether a proper case for interpleader is presented.[20] In this regard, the Court must determine that there is a single fund with adverse claimants to that fund.[21] If the Court determines that the requirements

---

[13] *Id.* at 631 (citing *Texas v. Florida*, 306 U.S. 398, 412 (1939)); *White v. FDIC*, 19 F.3d 249, 251 (5th Cir.1994) (defining interpleader as a "procedural device which entitles a person holding money or property, concededly belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund").
[14] *Rhoades v. Casey*, 196 F.3d 592, 600–601 (5th Cir.1999).
[15] *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 n. 46 (5th Cir. 2002).
[16] Rec. Doc. No. 23.
[17] Rec. Doc. No. 1.
[18] *Fresh America Corp. v. Wal-Mart Stores, Inc.*, 393 F.Supp.2d 411, 414 (N.D. Tex. 2005).
[19] *Id.* at 415.
[20] *Id.*
[21] *Id.*, citing *Rhoades v. Casey, et al*, 196 F.3d 592, 600 (5th Cir.1999).
35098

for interpleader are met, the next stage of the litigation is to determine the rights of the claimants.[22]

On the first issue, "the real question is whether the claims arise from a 'single right or obligation.'"[23]  In this matter, there is no opposition to NY Life's claim that there is a single fund – the death benefits.  There is, likewise, no doubt that NY Life has established that there are adverse claimants to the fund.  "Claimants are adverse when they expose [the] plaintiff to double payment on a single liability."[24]  Based on the application in this case of the Louisiana Slayer Statute, NY Life has established that there are adverse claimants to the death benefits at issue.

The Supreme Court has upheld several states' so-called "slayer" statutes:  "[A] murdering heir is not entitled to receive property as a result of the killing."[25]  The Fifth Circuit holds that, "[c]onsistent with this principle, a murderous beneficiary is generally barred from recovering insurance proceeds: at federal common law, and as codified by most states, one who willfully causes the death of an insured is ineligible to collect life insurance proceeds as a beneficiary."[26]

Endorsing this principle, Louisiana law forbids a beneficiary from receiving insurance benefits when the beneficiary's intentional acts caused the benefits to accrue. Specifically, La.R.S. 22:901(D) provides:

---

[22] *Id.*, citing *Rhoades*, 196 F.3d at 600.
[23] *Id.*, quoting *Bradley v. Kochenash*, 44 F.3d 166, 168 (2d Cir. 1995).
[24] *Id.*, quoting *Hartford Life & Accident Ins. Co. v. Eterna Benefits L.L.C., et al*, No. 3:96–CV–3065–D, 1997 WL 726441 at *2, 1997 U.S. Dist. LEXIS 18670, at *4 (N.D.Tex. Nov. 17, 1997) (internal quotations omitted).
[25] *See Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001) (acknowledging in dicta that states have fashioned so-called slayer statutes).
[26] *Metropolitan Life Ins. Co. v. Scott*, No. 15-362, 2015 WL 5165556 at*3 (E.D. La. Sep. 2, 2015)(citing *Metropolitan Life Ins. Co. v. White*, 972 F.2d 122, 124 (5th Cir.1992).
35098

> (1) No beneficiary, assignee, or other payee under any personal insurance contract shall receive from the insurer any benefits under the contract accruing upon the death, disablement, or injury of the individual insured when the beneficiary, assignee, or other payee is either:
>
> (a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured.
>
> (b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.
>
> (2) Where such a disqualification exists, the policy proceeds shall be payable to the secondary or contingent beneficiary, unless similarly disqualified .... Nothing contained in this Section shall prohibit payment pursuant to an assignment of the policy proceeds where such payment defrays the cost and expenses of the insured's funeral or expense incurred in connection with medical treatment of the insured. Nothing contained in this Section shall prohibit payment of insurance proceeds pursuant to a facility of payment clause, so long as such payment is not made to a beneficiary, assignee, or other payee disqualified by this Section.[27]

Based on the Louisiana Slayer Statute, NY Life contends that, considering that the primary beneficiary David Johnson stands accused of the murder of the Insured, NY Life is faced with competing claims and cannot factually or legally determine to whom the death benefits are due.

The court in *UNUM Insurance Company of America v. Locke* was faced with a similar situation.[28] In *UNUM*, the sole beneficiary to the proceeds of a life insurance policy was accused of murdering the insured. UNUM filed an interpleader action to deposit the proceeds of the life insurance policy into the registry of the court and be dismissed.[29] The court granted UNUM's motion and held:

> There is no question in this case that Louisiana's "Slayer statute" would prohibit anyone found criminally responsible for the death of the insured

---

[27] La. R.S. 22:901(D).
[28] No. 2:06CV0861, 2006 WL 2457106 (W.D. La. Aug. 22, 2006).
[29] *Id.*

35098

from collecting the proceeds under the policy. The amount of the policies is not in dispute. Wilson Locke, Jr. has been accused of murder, but the trial is pending. UNUM placed the disputed monies in the registry of the court. UNUM is a disinterested stakeholder and is not in substantial controversy with one of the claimants, therefore they are entitled to reasonable attorneys' fees and costs for the filing of the interpleader and for answering the counter-claim. UNUM's Motion to Dismiss will be granted and UNUM may submit an accounting to the court.[30]

Because the same circumstances are present in the case before the Court, the Court finds that NY Life's motion for interpleader should be granted and NY Life shall be dismissed from this case. NY Life also requests that the Court permanently enjoin any adverse claimants from commencing any future actions against it in connection with this policy. Because all of the adverse claimants have appeared in this case, and none have opposed NY Life's motion, the Court finds that NY Life is entitled to injunctive relief. Therefore, upon NY Life's dismissal from this matter, the adverse claimants shall be permanently enjoined from commencing any action against NY Life for payment of the death benefits in connection with the policy in any forum.

### C. Attorneys' Fees and Costs

NY Life also moves for an award of reasonable costs and attorneys' fees associated with bringing this action. However, NY Life states in its memorandum:

> At this time, the Company is not requesting an award of its attorneys' fees and costs due to the prior verbal consent of Defendants Charles Butler, Jr., Chazz Johnson, and Sabrina Scott, as legal guardian of C.J., a minor, to the relief requested by this motion. The Company reserves its right to amend its Motion for Interpleader and Dismissal in order to seek attorneys' fees and costs in the event the Company receives opposition to the present motion.[31]

---

[30] *Id.* at *2.
[31] Rec. Doc. No. 25-1, p. 9.
35098

Because no opposition was ever filed by any Defendant in this case, the Court will assume that NY Life is not seeking attorneys' fees and costs. Therefore, an award for attorneys' fees and costs shall be denied without prejudice subject to NY Life's right to request such fees and costs in the future if warranted by the facts and the law.[32]

## III.   CONCLUSION

For the reasons set forth above, the unopposed *Motion for Interpleader and Dismissal*[33] filed by Plaintiff, New York Life Insurance Company of Arizona, is GRANTED in part and DENIED in part. NY Life's motion to appoint a guardian *ad litem* for the minor Defendant is denied. NY Life's motion for an award of attorneys' fees and costs is denied without prejudice. NY Life's motion for interpleader is granted, and NY Life shall be allowed to deposit the death benefits associated with the Insured's policy into the registry of the Court subject to a determination of the proper beneficiaries. NY Life is hereby dismissed from this case with prejudice, and the adverse claimants shall be permanently enjoined from commencing any action against NY Life for payment of the death benefits in connection with the policy in any forum.

*Judgment* shall be entered accordingly.

Signed in Baton Rouge, Louisiana on September 21, 2016.

*[signature]*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[32] The Court notes that "[j]urisdiction to award attorneys' fees to an interpleader is given by 28 USC § 2361 and is within the discretion of the court. Attorney's fees are available when the interpleader is a disinterested stakeholder and is not in substantial controversy with one of the claimants. 28 USC § 1335September 22, 2016 makes no mention of allowance of expenses for insurance companies bringing an interpleader, leaving the award to the discretion of the District Court." *UNUM*, 2006 WL 2457106 at *1 (citations omitted).
[33] Rec. Doc. No. 25.
35098